# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>      Plaintiff,<br><br>    v.<br><br>DEBORAH PATRICK, et al,<br><br>      Defendants.<br>_____/ | CASE NO. CV-F-07-1813 OWW DLB PC<br><br>ORDER ON MOTION TO WITHDRAW MOTIONS TO AMEND<br><br>(Doc. 22)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE FIRST AMENDED COMPLAINT WITHIN THIRTY (30) DAYS<br><br>(Doc. 1) |

**Order Denying as Moot Motion to Withdraw Motions to Amend**

      Plaintiff Sandi Nieves ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on December 13, 2007. On October 17, 2008, Plaintiff filed two motions to amend her complaint. (Docs. 17, 18). On January 16, 2009, the Court issued an order advising Plaintiff that she was not permitted to file her amended complaint piecemeal, and ordered Plaintiff to file a complete first amended complaint within 30 days. (Doc. 21).

      On January 26, 2009, Plaintiff filed a motion to withdraw her motions to amend. As the court has already addressed and resolved the motions to amend, Plaintiff's request is denied as moot. Plaintiff also requested that the action proceed forward on her complaint without amendment. Accordingly, this action shall proceed on Plaintiff's original complaint, filed December 13, 2007.

///

**Screening Order**

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Central California Women's Facility in Chowchilla, California, where the events giving rise to this action allegedly occurred. Plaintiff names Warden Deborah Patrick, Associate Director of Adult Inmates for C.D.C.R Wendy Stills, Secretary James Tilton, Director of Adult Inmates Tremble, and the California Department of Corrections and Rehabilitation as defendants. Plaintiff seeks equitable relief.

Plaintiff alleges that she is a death sentenced inmate and that she, along with fifteen other women, are being housed in cages and segregated from general population because of their

sentences. Plaintiff alleges that the segregation constitutes cruel and unusual punishment.

The court has reviewed plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff will be provided with the opportunity to file an amended complaint. In the subsections that follow, plaintiff is provided with the legal standards applicable to the claim she is attempting to pursue. In amending her claim, plaintiff should carefully review the standards that apply and amend only those claims that she believes, in good faith, are cognizable under section 1983.

### A.   Action Against C.D.C.R.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

An entity with Eleventh Amendment immunity is not a "person" within the meaning of section 1983. Howlett By and Through Howlett v. Rose, 496 U.S. 356, 365; 110 S. Ct. 2430 (1990). CDCR is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff may not sustain a section 1983 action against C.D.C.R.

### B.   Section 1983 Linkage Requirement

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is

1  made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite
2  causal connection can be established not only by some kind of direct, personal participation in the
3  deprivation, but also by setting in motion a series of acts by others which the actor knows or
4  reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting
5  Johnson at 743-44).

6  Although Plaintiff names the Warden of Central California Women's Facility, the Secretary
7  of CDCR, the Associate Director of Adult Inmates for C.D.C.R and the Director of Adult Inmates
8  for CDCR as defendants, Plaintiff's allegations do not link any acts or omissions of the named
9  defendants to a violation of her rights under federal law. Accordingly, plaintiff fails to state any
10 claims upon which relief may be granted under section 1983. Plaintiff will be provided with an
11 opportunity to file an amended complaint; in her amended complaint, Plaintiff must set forth
12 sufficient facts linking each named defendant to an action or omission that demonstrates a violation
13 of plaintiff's rights.

14 **C.    Supervisory Liability**

15 Under section 1983, liability may not be imposed on supervisory personnel for the actions
16 of their employees under a theory of respondeat superior. When the named defendant holds a
17 supervisorial position, the causal link between the defendant and the claimed constitutional violation
18 must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
19 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for
20 relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the
21 defendant either: personally participated in the alleged deprivation of constitutional rights; knew of
22 the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient
23 that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
24 constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
25 omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

26 **D.    Eighth Amendment Claim**

27 The Eighth Amendment protects prisoners from inhumane methods of punishment and from
28 inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Although Plaintiff alleges a claim that her housing constitutes cruel and unusual punishment, Plaintiff's complaint is devoid of any facts supporting the claim that any of the named defendants knowingly disregarded a substantial risk of harm to Plaintiff. Plaintiff's Eighth Amendment claim is not cognizable.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff has attached over 100 pages of exhibits to her complaint. With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the

submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via her amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 9, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE