# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>                Plaintiff,<br><br>    v.<br><br>DEBORAH PATRICK, et al,<br><br>                Defendants.<br>_____/ | CASE NO. 1:07-cv-01813 OWW DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY (30) DAYS<br><br>(Doc. 24) |

**I.  Screening Order**

Sandi Nieves ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed her original complaint on December 13, 2007. (Doc. 1.) The Court dismissed Plaintiff's original complaint with leave to amend on February 9, 2009, for failure to state a claim upon which relief may be granted. (Doc. 23.) Plaintiff filed her first amended complaint on March 2, 2009. (Doc. 24.) Plaintiff's first amended complaint is presently before the Court for screening.

    **A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Central California Women's Facility ("CCWF") in Chowchilla, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants: Warden Deborah Patrick, Associate Director of the California Department of Corrections and Rehabilitation ("CDCR") Wendy Stills, and Secretary of CDCR James E. Tilton. Plaintiff names in the body of her complaint C/O Cardenas, C/O Shannon, Dr. Riviera, and Dr. Donahue. Plaintiff seeks injunctive relief.

Plaintiff accuses CCWF prison officials of violating her First, Eighth, and Fourteenth Amendment rights. Plaintiff lists dates and instances on which certain events occurred that indicate alleged constitutional violations.

**A.     Section 1983 Linkage Requirement**

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Although

1  Plaintiff names the Warden of Central California Women's Facility, the Secretary of CDCR, and
2  the Associate Director of CDCR as defendants, Plaintiff's allegations do not link any acts or
3  omissions of these defendants to a violation of her rights under federal law.  Accordingly,
4  plaintiff fails to state any claims upon which relief may be granted under § 1983.

5        In addition, under § 1983, liability may not be imposed on supervisory personnel for the
6  actions of their employees under a theory of *respondeat superior*.  When the named defendant
7  holds a supervisorial position, the causal link between the defendant and the claimed
8  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
9  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
10 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must
11 allege some facts indicating that the defendant either: personally participated in the alleged
12 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
13 promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
14 constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black,
15 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040,
16 1045 (9th Cir. 1989).  "Absent vicarious liability, each Government official . . . is liable only for
17 his or her own misconduct."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Mere knowledge
18 of a subordinate's alleged misconduct is insufficient.  Id.

19       **B.**    **Constitutional Claims**

20       Plaintiff alleges several instances of alleged constitutional violations: 1) on March 4,
21 2007, C/O Cardenas physically attacked Plaintiff for no reason; 2) on April 1, 2007, C/O
22 Cardenas physically abused Plaintiff; 3) on April 4, 2007, C/O Cardenas handcuffed Plaintiff to
23 the wrist bone; 4) on September 23, 2008, C/O Shannon cuffed Plaintiff at the wrist bone.  (Doc.
24 24, Pl.'s First Am. Compl. 4.)  Plaintiff also alleges that: 1) in 2006, Plaintiff was harassed by
25 nurses regarding medications; 2) August 7, 2007, Dr. Riviera violated medical confidentiality; 3)
26 June 20, 2008, Dr. Donahue denied mental health counseling; 4) May 15, 2006, Plaintiff almost
27 died from over-medication, but there was no doctor in the emergency room; 5) January 2008,
28 Plaintiff does not have medication readily available because she is always having to fill out co-

1  pays; 6) May 22, 2008, Plaintiff was not protected from an EOP inmate. (Pl.'s First Am. Compl.
2  4.) Plaintiff also alleges a violation of Plaintiff' right to practice her religion under the First
3  Amendment and the Religious Land Use and Institutionalized Persons Act. (Pl.'s First Am.
4  Compl. 3.)

5        Plaintiff's allegations are insufficient to state a cognizable claim. Under Rule 8 of the
6  Federal Rules of Civil Procedure, a plaintiff does not have to plead "detailed factual allegations,"
7  but must plead more than "an unadorned, the-defendant-unlawfully harmed me accusation."
8  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
9  544, 555 (2007)). A complaint is not properly plead "if it tenders 'naked assertion[s]' devoid of
10 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 557).
11 Here, Plaintiff's accusations consist of a list of dates, with one sentence per date indicating some
12 perceived wrong committed by defendants. Plaintiff's complaint lacks "further factual
13 enhancement." Plaintiff thus fails to sufficiently state any cognizable claims against any
14 defendants. The Court will provide Plaintiff an opportunity to amend her complaint to cure the
15 deficiencies described by the Court herein.

16       **1.    Eighth Amendment - Excessive Force**

17       The Eighth Amendment protects prisoners from inhumane methods of punishment and
18 from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
19 2006). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
20 Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson
21 v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim
22 is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation
23 marks and citations omitted). The malicious and sadistic use of force to cause harm always
24 violates contemporary standards of decency, regardless of whether or not significant injury is
25 evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth
26 Amendment excessive force standard examines de minimis uses of force, not de minimis
27 injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause
28 of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.

### 2. Eighth Amendment - Conditions of Confinement

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### 3. First Amendment and Religion

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

### 4. RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

5

1  42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants
2  substantially burdened the exercise of Plaintiff's religious beliefs.  Warsoldier v. Woodford, 418
3  F.3d 989, 994-95 (9th Cir. 2005).  If plaintiff meets this burden, defendants must demonstrate
4  that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance
5  of a compelling governmental interest *and* the least restrictive means of furthering that
6  compelling governmental interest."  Id. (emphasis in original).  "RLUIPA is to be construed
7  broadly in favor of protecting an inmate's right to exercise his religious beliefs."  Id.

## III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is warned that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

//
//

6

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via her amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 6, 2009**                    **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE