**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEBORAH PATRICK, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01813-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 26)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Recommendation of Dismissal Following Screening of Second Amended Complaint**

**I.　　Procedural History**

　　Plaintiff Sandi Nieves, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 13, 2007. On February 9, 2009, the Court issued an order dismissing Plaintiff's original complaint for failure to state a claim, with leave to amend. (Doc. 23.) Plaintiff filed a First Amended Complaint on March 2, 2009. (Doc. 24.) On July 7, 2009, the Court issued an order dismissing Plaintiff's First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 25.) Plaintiff's Second Amended Complaint, filed August 5, 2009, is now pending before the Court.

**II.　　Screening Requirement**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

**III.   Plaintiff's Claims**

The events at issue in this action allegedly occurred at Central California Women's Facility ("C.C.W.F.")  in Chowchilla, California.  Plaintiff names Warden Deborah Patrick, Associate Director Wendy Stills, Secretary James E. Tilton, and the California Department of Corrections and Rehabilitation ("C.D.C.R")  as defendants.

Plaintiff alleges that defendants knowingly and willingly caged human beings.  Plaintiff alleges that defendants have caused her mental and physical anguish.  Plaintiff seeks to be reintegrated into general population, or sent to another women's prison.  Plaintiff alleges that she has also been denied her right to practice her religion.  Plaintiff alleges a violation of her First, Eighth and Fourteenth Amendment rights.  Plaintiff seeks equitable relief.

    **1.  Defendant California Department of Corrections and Rehabilitation**

As Plaintiff was previously informed, she may not bring suit against C.D.C.R. in federal court because it is a state agency and is entitled to Eleventh Amendment immunity.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff's claims against C.D.C.R. fail as a matter of law.

### 2. First Amendment Religion Claim

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff's allegation that religion is not allowed into the unit is not sufficient by itself to state a cognizable First Amendment claim. First, Plaintiff has not provided any factual detail to support her allegation that religion has been barred from her unit, or how she has been prevented from engaging in conduct consistent with her faith. Second, as Plaintiff was previously informed, she must link the alleged constitutional violation to a particular defendant. Plaintiff does not indicate how any of the named defendants denied her free exercise of religion. For these reasons, Plaintiff fails to state a cognizable First Amendment claim.

### 3. Eighth Amendment Conditions of Confinement Claim

Plaintiff alleges that defendants have kept her in a cage. Plaintiff requests that she be treated as a general population inmate.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Again, Plaintiff's vague allegations are insufficient to support her claim. An allegation that she has been caged is not sufficient by itself to state a cognizable claim. The Court notes that Plaintiff has twice now been provided with the legal standards for alleging a claim for relief for violation of the Eighth Amendment, but still has been unable to do so. (Docs. 23, 25.)

**4.   Equal Protection Clause**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.  If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff requests to be treated as a general population inmate. However, Plaintiff has not identified herself as a member of any identifiable class. Presuming that she is a condemned inmate and that she is alleging differential treatment based on being a member of this class, it is not clear how she has been treated differently, and she has not sufficiently alleged that there is no rational basis for any difference in treatment between general population inmates and condemned inmates. Plaintiff fails to state a cognizable Equal Protection claim.

### 5. Supervisory Liability

Plaintiff alleges that she has suffered numerous indignities while incarcerated at C.C.W.F., including harassment by nurses, violation of her "medical confidentiality" by doctors, denial of mental health counseling and/or inadequate medical care, and a near death experience from over-medication. Plaintiff does not allege that any of the named defendants were personally involved in these incidents but that they were on duty at the times of these abuses.

The Court has previously explained to Plaintiff that there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Iqbal, 129 S.Ct. at 1948-49. (Docs. 23, 25.) The fact that Warden Patrick, Associate Director Stills and Secretary Tilton each hold a supervisory position within C.D.C.R. does not make them liable for the conduct of the correctional officers and medical staff Plaintiff complains of in her Second Amended Complaint. Plaintiff fails to state any claims against defendants under a theory of supervisory liability.

## IV. Conclusion and Recommendation

Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously provided with two opportunities to amend her claims, but was unable to do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **August 19, 2009**           /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE